[See Cases Nos. 16,678 and 16,679.]

## Case No. 16,678.

### UNITED STATES v. WHITE.

[5 Cranch, C. C. 368.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

INDICTMENT FOR MISDEMEANOR — LIMITATIONS — DEMURRER—DISCHARGE OF RECOGNIZANCE.

1. If it appears, upon the whole record upon an indictment for a misdemeanor, that the of-

[1] [Reported by Hon. William Cranch, Chief Judge.]

fence was committed more than two years before the indictment was found, the defendant may avail himself of that defence, by a general demurrer.

2. A recognizance, to appear in court from day to day, to answer to a certain indictment, and not to depart without the leave of the court, is not discharged by the quashing of that indictment, but remains in force until the defendant has leave from the court to depart, and if a new indictment be found, he and his bail are bound for his appearance to answer such new indictment.

Indictment for burning the treasury building of the United States. [See Case No. 16,-675.]

The defendant [Richard H. White], by his counsel, W. L. Brent, filed a general demurrer to the indictment, at the last term [Case No. 16,677], because it appeared upon the face of the indictment, that the offence was committed more than two years before the finding of the indictment; and cited the opinion of this court in U. S. v. Watkins [Id. 16,649] at May term, 1829, in which case the court, upon demurrer, quashed one of the indictments on that ground.

In that case this court said: "In answer to this objection, it has been said (1) that it does not appear upon the face of the indictment at what time it was found; (2) that advantage of the limitation cannot be taken by demurrer, because the United States would thereby be precluded from replying, according to the proviso of the act, that the defendant fled from justice within the two years. The answer to the first objection is, that it will appear, from the caption of the indictment whenever the record is made up, at what time the indictment was found. And upon demurrer the judgment of the court must be upon the whole record. And if, upon the whole record, it should appear to the court that the offence was committed beyond the time limited, they could not give judgment against the defendant. To the second objection, to wit, that the defendant cannot take advantage of the limitation upon demurrer, the answer is this: That, however it may be in practice, yet in theory, and by law, if judgment upon demurrer to an indictment for a misdemeanor be given against the defendant, it is a peremptory judgment of condemnation; and although in practice the court will often rather intimate its opinion than pronounce sentence, and permit the defendant to withdraw his demurrer and plead to issue; yet, upon the question whether the defendant may avail himself, by demurrer, of a bar apparent upon the record, the court must consider what would be the legal consequence of a judgment upon the demurrer; and when we see that it may be a peremptory judgment, and that the defendant has a good defence upon the face of the record, the court cannot deprive him of the benefit of it. We think, therefore, that the defendant has a right, upon demurrer, to avail himself of the statute of limitations. It has been said that the United States would thereby be precluded from replying the flight of the defendant, if such should have been the fact; but that is not the fault of the defendant. The United States have put themselves in that situation by stating the fact to have happened at a time beyond the day of limitation. They were not bound to do so; for they might have laid the day to have been within the time of limitation, and have proved a different day at the trial; and if the day proved should be beyond the time of limitation, and the United States could have shown that the defendant fled within the two years after committing the offence, they might have given it in evidence; or they might have stated in the indictment the true time, and any facts which existed and went to show that the defendant could not avail himself of the limitation."

The defendant's counsel also cited the opinion of this court in the case of U. S. v. White [Id. 16,676], at March term, 1837, in which the defendant's counsel moved in arrest of judgment upon the same ground. But the court overruled the motion, and said: "There seems to be a great difference between a demurrer directly to the indictment, before any other pleadings have been had in the case, and a motion in arrest of judgment after all the pleadings have been made up, issue joined, and verdict thereupon. In the first case, the judgment of the court must be upon the whole record as it then appears; and upon a motion in arrest of judgment, after verdict, the judgment must be upon the whole record as it then appears. There may be a prima facie cause of demurrer to the indictment, which may be removed by the subsequent pleadings. An indictment may, upon its face, state a fact which would be a good defence, and the defendant may, in that stage of the cause, avail himself of it by demurrer."

Mr. Key, upon considering those cases, gave up the point, and THE COURT rendered judgment upon the demurrer for the defendant, and quashed the indictment.

Mr. Key then stated, that he had just sent up to the grand jury another indictment, charging his fleeing from justice, and thereby avoiding the bar of limitation, which new indictment was still under consideration of the grand jury, and therefore prayed that the defendant might be taken into custody; considering his recognizance as discharged by the quashing of the indictment.

The recognizance was in the usual form; to appear on a certain day, and from day to day, to answer to a certain indictment, and not to depart without leave of the court.

Mr. Key cited 1 Chit. Cr. Law, 103, that upon quashing an indictment the recognizance to answer it is discharged.

R. J. Brent, for defendant, cited the same book and page; that although the indictment is discharged, yet if the recognizance is to answer and not depart without leave, and the prosecutor sends up a new indictment, and

the defendant departs without leave, the recognizance is forfeited. He cited also the case of Reg. v. Ridpath, 10 Mod. 152.

THE COURT (THRUSTON, Circuit Judge, absent) directed the marshal to take the defendant into custody during this discussion; but, upon consideration, were of opinion that the recognizance being to attend from day to day to answer to the charge, and not to depart without the leave of the court, was not discharged by the quashing of the indictment.

And, as he had been heretofore long in confinement upon this charge, and having had three juries sworn, without a valid verdict, and having now appeared upon his recognizance, THE COURT refused to require new bail, but permitted him to go upon the old recognizance; and upon affidavit continued the cause until the next term, the grand jury having found a new indictment.